IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 1 4 2012
CLERK, U.S. DISTRICT COURT
By_____
           Deputy

| | |
|---|---|
| THOMAS J. WILLIAMS, IV and JUDY WILLIAMS, § § § § § | |
| Plaintiffs, | |
| VS. | NO. 4:12-CV-602-A |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), to dismiss the amended complaint of plaintiffs, Thomas J. Williams, IV, and Judy Williams, for failure to state a claim upon which relief may be granted. After having considered such motion, plaintiffs' response, plaintiffs' amended complaint, defendant's reply, and applicable legal authorities, the court has concluded that defendant's motion to dismiss should be granted in part and denied in part.

I.

Background

Plaintiffs initiated this action by filing their original petition in the District Court of Tarrant County, Texas, 236th

Judicial District, as Cause No. 236-258546-12. Defendant removed the case to this court, and plaintiffs subsequently filed their amended complaint.

## II.

### Plaintiff's Claims

Plaintiffs have alleged state law claims of negligent misrepresentation and breach of contract, and make the following factual allegations in their amended complaint:

On or about November 10, 2010 plaintiffs and defendant executed an agreement regarding a short sale of property plaintiffs owned, which was located in Henderson, Nevada.[1] Pursuant to the express terms of the agreement, defendant agreed to notify the credit bureau about the sale using the language "agreed settlement short of full payment." Am. Compl. at 2. Instead of using the language agreed to by the parties, defendant reported the transaction as a foreclosure, and had not corrected its reporting as of the date of the filing of the complaint. As a result, plaintiffs have lost the ability to refinance at current low rates, face the potential loss of their home, and have suffered associated costs and damages.

---

[1] Plaintiffs included a copy of the agreement with their amended complaint.

III.

Grounds for Defendants' Motion

Defendant filed its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Defendant argues that plaintiffs have not alleged sufficient facts to state a claim for negligent misrepresentation or breach of contract, and that plaintiffs' claims are preempted by the Fair Credit Reporting Act ("FCRA").

IV.

Analysis

A. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause

of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 679. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B. Applying the Standards to the Amended Complaint

Proceeding on the basis of the information before the court in plaintiffs' amended complaint, the court finds that plaintiffs' allegations for the negligent misrepresentation claim fall short of the pleading standards, but that plaintiffs have made sufficient allegations to state a claim for breach of

4

contract.

1. <u>Negligent Misrepresentation</u>

In Texas, a claim for negligent misrepresentation has four elements:

> (1) the representation is made by a defendant in his course of business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information,; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

<u>Fed. Land Bank Ass'n v. Sloane</u>, 825 S.W.2d 439, 442 (Tex. 1991). The type of misrepresentation contemplated is a statement of existing fact, not a promise of future conduct. <u>BCY Water Supply Corp. v. Residential Invs., Inc.</u>, 170 S.W.3d 596, 603 (Tex. App.--Tyler 2005, pet. denied) ("A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact.").

Defendant contends that plaintiffs have not alleged facts that, if true, could state a claim for negligent misrepresentation, but instead have "resort[ed] to reciting the elements" of a cause of action, and the court agrees. Plaintiffs do not point to any specific pieces of information that defendant provided for plaintiffs' guidance that were false, and do not allege that any of the statements in the parties' agreement were

5

false. They also do not provide facts alleging that defendant failed to exercise reasonable care in communicating the information in the agreement. To the extent plaintiffs allege that defendant did not adequately follow through with the promises in the agreement, such allegations cannot state a claim for negligent misrepresentation, as the agreement represents promises of future conduct, not a misstatement of existing fact.

    2.  <u>Breach of Contract</u>

To state a claim for breach of contract under Texas law, plaintiffs must allege facts that could show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." <u>Smith Int'l, Inc. v. Egle Group, LLC</u>, 490 F.3d 380, 387 (5th Cir. 2007). Defendant contends that plaintiffs have failed to allege facts that could support a breach of contract claim, specifically arguing that plaintiffs fail to allege (1) that they tendered performance or (2) that they were damaged by the breach.

Though the facts are somewhat scant, the court concludes that plaintiffs have alleged enough to survive a motion to dismiss. Plaintiffs have alleged that there was a valid agreement between the parties and have attached a copy of such agreement. Next, plaintiffs state that "the conditions precedent

to Defendant's obligation have been met." While such a statement is not as detailed and specific as it could be, it does allege that plaintiffs have performed or tendered performance under the parties' agreement, and must be considered in a light most favorable to plaintiffs. Third, plaintiffs have alleged sufficient facts to show that defendant breached the contract, which defendant does not appear to dispute. Fourth, plaintiffs state that they were injured as a result of the breach in the following ways: they lost their ability to refinance at lower interest rates, they could potentially lose their home, and they face "remedial costs and/or costs of completion." Overall, such facts are sufficient to state a claim for breach of contract.

3.  FCRA Preemption

Defendant next contends that both of plaintiffs' claims are preempted by FCRA because their "entire lawsuit encompasses [defendant's] credit information furnishing activities." Mot. at 8. Defendant goes on to claim that FCRA "specifically preempts negligence claims where there are no allegations that the furnisher of credit furnished false information with malice or willful intent to injure the consumer." Id. Because plaintiffs fail to state a claim for negligent misrepresentation, it is not necessary for the court to determine whether such claim has been preempted by FCRA. However, because plaintiffs have alleged

enough facts to state a claim for breach of contract, the court next considers whether FCRA preempts such claim, and concludes that it does not.

Defendant relies on Section 1681h(e) of FCRA, which provides:

> Except as provided in sections 616 and 617 [15 U.S.C. §§ 1681n and 1681o], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 609, 610, or 615 [15 USCS § 1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Defendant then cites Section 1681t(b)(1)(F), which provides:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 623 [15 USCS § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F). Defendant reads these sections to mean that because plaintiffs are complaining about defendant's actions in reporting the short sale transaction, plaintiffs' claims must be preempted by FCRA. However, plaintiffs' claim sounds in contract, not negligence, and thus relates to an agreement between the parties. Defendant cites several cases in

8

support of its contention that the breach of contract claim is preempted; however, none of those cases involved a breach of an express agreement between the parties to have a transaction reported a particular way to a credit agency.

A case more closely related to the instant action is Moore v. Chase Home Finance, LLC, No. 2:11-CV-215-GHD-JMV, 2012 WL 3687267 (N.D. Miss. Aug. 27, 2012), in which a plaintiff alleged that the defendant had breached a settlement agreement "by failing to report the correct status of the mortgage loan to the credit bureaus and by instead reporting the mortgage as a delinquent debt." Id. at *1. The court determined that the breach of contract claim depended upon the interpretation of the settlement agreement and was therefore not preempted by FCRA. Id. at *8. See also Spencer v. Nat'l City Mortg., 831 F. Supp.2d 1353, 1363 (N.D. Ga. 2011) (explaining that a claim based on the breach of an express agreement was not preempted because "the legal duty giving rise to such a claim is imposed not under state law, but instead by the parties themselves when they agree to the contract"). In the instant action, because plaintiffs allege that defendant breached an express agreement, the court concludes that plaintiffs' breach of contract claim is not preempted by FCRA.

V.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted as to plaintiffs' claim for negligent misrepresentation against defendant, and that such claim and cause of action asserted in the above-captioned action be, and is hereby, dismissed.

The court ORDERS that defendant's motion to dismiss be, and is hereby, denied as to plaintiffs' claim for breach of contract against defendant.

SIGNED November 14, 2012.

_____
JOHN McBRYDE
United States District Judge