IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 4 2012

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

THOMAS J. WILLIAMS, IV and  §
JUDY WILLIAMS,              §
                           §
          Plaintiffs,      §
                           §
VS.                        §   NO. 4:12-CV-602-A
                           §
WELLS FARGO BANK, N.A.,     §
                           §
          Defendant.       §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant,
Wells Fargo Bank, N.A. ("Wells Fargo"), to dismiss the amended
complaint of plaintiffs, Thomas J. Williams, IV, and Judy
Williams, for failure to state a claim upon which relief may be
granted.  After having considered such motion, plaintiffs'
response, plaintiffs' amended complaint, defendant's reply, and
applicable legal authorities, the court has concluded that
defendant's motion to dismiss should be granted in part and
denied in part.

I.

Background

Plaintiffs initiated this action by filing their original
petition in the District Court of Tarrant County, Texas, 236th

Judicial District, as Cause No. 236-258546-12.  Defendant removed

the case to this court, and plaintiffs subsequently filed their

amended complaint.

## II.

### Plaintiff's Claims

Plaintiffs have alleged state law claims of negligent

misrepresentation and breach of contract, and make the following

factual allegations in their amended complaint:

On or about November 10, 2010 plaintiffs and defendant

executed an agreement regarding a short sale of property

plaintiffs owned, which was located in Henderson, Nevada.[1]

Pursuant to the express terms of the agreement, defendant agreed

to notify the credit bureau about the sale using the language

"agreed settlement short of full payment."  Am. Compl. at 2.

Instead of using the language agreed to by the parties, defendant

reported the transaction as a foreclosure, and had not corrected

its reporting as of the date of the filing of the complaint.  As

a result, plaintiffs have lost the ability to refinance at

current low rates, face the potential loss of their home, and

have suffered associated costs and damages.

---

[1] Plaintiffs included a copy of the agreement with their amended complaint.

2

III.

## Grounds for Defendants' Motion

Defendant filed its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  Defendant argues that plaintiffs have not alleged sufficient facts to state a claim for negligent misrepresentation or breach of contract, and that plaintiffs' claims are preempted by the Fair Credit Reporting Act ("FCRA").

IV.

## Analysis

A. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted).  Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause

3

of action.  See Twombly, 550 U.S. at 555 & n.3.  Thus, while a
court must accept all of the factual allegations in the complaint
as true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.")

Moreover, to survive a motion to dismiss for failure to
state a claim, the facts pleaded must allow the court to infer
that the plaintiff's right to relief is plausible.  Iqbal, 556
U.S. at 679.  To allege a plausible right to relief, the facts
pleaded must suggest liability; allegations that are merely
consistent with unlawful conduct are insufficient.  Twombly, 550
U.S. at 566-69.  "Determining whether a complaint states a
plausible claim for relief . . . [is] a context-specific task
that requires the reviewing court to draw on its judicial
experience and common sense."  Iqbal, 556 U.S. at 679.

B.    Applying the Standards to the Amended Complaint

Proceeding on the basis of the information before the court
in plaintiffs' amended complaint, the court finds that
plaintiffs' allegations for the negligent misrepresentation claim
fall short of the pleading standards, but that plaintiffs have
made sufficient allegations to state a claim for breach of

4

contract.

1.   <u>Negligent Misrepresentation</u>

In Texas, a claim for negligent misrepresentation has four

elements:

> (1) the representation is made by a defendant in his course
> of business, or in a transaction in which he has a pecuniary
> interest; (2) the defendant supplies "false information" for
> the guidance of others in their business; (3) the defendant
> did not exercise reasonable care or competence in obtaining
> or communicating the information,; and (4) the plaintiff
> suffers pecuniary loss by justifiably relying on the
> representation.

<u>Fed. Land Bank Ass'n v. Sloane</u>, 825 S.W.2d 439, 442 (Tex. 1991).

The type of misrepresentation contemplated is a statement of

existing fact, not a promise of future conduct.   <u>BCY Water Supply</u>

<u>Corp. v. Residential Invs., Inc.</u>, 170 S.W.3d 596, 603 (Tex.

App.--Tyler 2005, pet. denied) ("A promise to do or refrain from

doing an act in the future is not actionable because it does not

concern an existing fact.").

Defendant contends that plaintiffs have not alleged facts

that, if true, could state a claim for negligent

misrepresentation, but instead have "resort[ed] to reciting the

elements" of a cause of action, and the court agrees.   Plaintiffs

do not point to any specific pieces of information that defendant

provided for plaintiffs' guidance that were false, and do not

allege that any of the statements in the parties' agreement were

5

false.   They also do not provide facts alleging that defendant

failed to exercise reasonable care in communicating the

information in the agreement.   To the extent plaintiffs allege

that defendant did not adequately follow through with the

promises in the agreement, such allegations cannot state a claim

for negligent misrepresentation, as the agreement represents

promises of future conduct, not a misstatement of existing fact.

    2.   <u>Breach of Contract</u>

    To state a claim for breach of contract under Texas law,

plaintiffs must allege facts that could show "(1) the existence

of a valid contract; (2) performance or tendered performance by

the plaintiff; (3) breach of the contract by the defendant; and

(4) damages sustained by the plaintiff as a result of the

breach."   <u>Smith Int'l, Inc. v. Egle Group, LLC</u>, 490 F.3d 380, 387

(5th Cir. 2007).   Defendant contends that plaintiffs have failed

to allege facts that could support a breach of contract claim,

specifically arguing that plaintiffs fail to allege (1) that they

tendered performance or (2) that they were damaged by the breach.

    Though the facts are somewhat scant, the court concludes

that plaintiffs have alleged enough to survive a motion to

dismiss.   Plaintiffs have alleged that there was a valid

agreement between the parties and have attached a copy of such

agreement.   Next, plaintiffs state that "the conditions precedent

6

to Defendant's obligation have been met."   While such a statement

is not as detailed and specific as it could be, it does allege

that plaintiffs have performed or tendered performance under the

parties' agreement, and must be considered in a light most

favorable to plaintiffs.   Third, plaintiffs have alleged

sufficient facts to show that defendant breached the contract,

which defendant does not appear to dispute.   Fourth, plaintiffs

state that they were injured as a result of the breach in the

following ways: they lost their ability to refinance at lower

interest rates, they could potentially lose their home, and they

face "remedial costs and/or costs of completion."   Overall, such

facts are sufficient to state a claim for breach of contract.

   3.   <u>FCRA Preemption</u>

   Defendant next contends that both of plaintiffs' claims are

preempted by FCRA because their "entire lawsuit encompasses

[defendant's] credit information furnishing activities."   Mot. at

8.   Defendant goes on to claim that FCRA "specifically preempts

negligence claims where there are no allegations that the

furnisher of credit furnished false information with malice or

willful intent to injure the consumer."   <u>Id.</u>   Because plaintiffs

fail to state a claim for negligent misrepresentation, it is not

necessary for the court to determine whether such claim has been

preempted by FCRA.   However, because plaintiffs have alleged

enough facts to state a claim for breach of contract, the court

next considers whether FCRA preempts such claim, and concludes

that it does not.

Defendant relies on Section 1681h(e) of FCRA, which

provides:

> Except as provided in sections 616 and 617 [15 U.S.C. §§
> 1681n and 1681o], no consumer may bring any action or
> proceeding in the nature of defamation, invasion of privacy,
> or negligence with respect to the reporting of information
> against any consumer reporting agency, any user of
> information, or any person who furnishes information to a
> consumer reporting agency, based on information disclosed
> pursuant to section 609, 610, or 615 [15 USCS § 1681g,
> 1681h, or 1681m], or based on information disclosed by a
> user of a consumer report to or for a consumer against whom
> the user has taken adverse action, based in whole or in part
> on the report[,] except as to false information furnished
> with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).  Defendant then cites Section

1681t(b)(1)(F), which provides:

> No requirement or prohibition may be imposed under the laws
> of any State . . . with respect to any subject matter
> regulated under . . . section 623 [15 USCS § 1681s-2],
> relating to the responsibilities of persons who furnish
> information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F).  Defendant reads these sections to

mean that because plaintiffs are complaining about defendant's

actions in reporting the short sale transaction, plaintiffs'

claims must be preempted by FCRA.  However, plaintiffs' claim

sounds in contract, not negligence, and thus relates to an

agreement between the parties.  Defendant cites several cases in

support of its contention that the breach of contract claim is preempted; however, none of those cases involved a breach of an express agreement between the parties to have a transaction reported a particular way to a credit agency.

A case more closely related to the instant action is Moore v. Chase Home Finance, LLC, No. 2:11-CV-215-GHD-JMV, 2012 WL 3687267 (N.D. Miss. Aug. 27, 2012), in which a plaintiff alleged that the defendant had breached a settlement agreement "by failing to report the correct status of the mortgage loan to the credit bureaus and by instead reporting the mortgage as a delinquent debt." Id. at *1. The court determined that the breach of contract claim depended upon the interpretation of the settlement agreement and was therefore not preempted by FCRA. Id. at *8. See also Spencer v. Nat'l City Mortg., 831 F. Supp.2d 1353, 1363 (N.D. Ga. 2011) (explaining that a claim based on the breach of an express agreement was not preempted because "the legal duty giving rise to such a claim is imposed not under state law, but instead by the parties themselves when they agree to the contract"). In the instant action, because plaintiffs allege that defendant breached an express agreement, the court concludes that plaintiffs' breach of contract claim is not preempted by FCRA.

V.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted as to plaintiffs' claim for negligent misrepresentation against defendant, and that such claim and cause of action asserted in the above-captioned action be, and is hereby, dismissed.

The court ORDERS that defendant's motion to dismiss be, and is hereby, denied as to plaintiffs' claim for breach of contract against defendant.

SIGNED November 1<u>t</u>, 2012.

_____

JOHN McBRYDE
United States District Judge

10